IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

JUN 1 7 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

MARIA B. KHAVÉ,                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )     No. CIV-13-155-W
                                   )
OKLAHOMA STATE DEPARTMENT          )
OF HEALTH et al.,                  )
                                   )
            Defendants.            )

## ORDER

This matter comes before the Court on the Second Motion to Dismiss Plaintiff's

Complaint filed by defendants Oklahoma State Department of Health ("ODH"), Patricia

Cantrell, Shelly R. Munguia and Sarah Waters pursuant to Rule 12(b)(6), F.R.Civ.P.

Plaintiff Maria B. Khavé, proceeding pro se, has responded in opposition, and based upon

the record, the Court makes its determination.

In evaluating the sufficiency of the allegations in Khavé's first amended complaint,

the Court has looked to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), wherein the

United States Supreme Court set forth the standards that this Court must use in

determining whether dismissal, as the defendants have requested, is warranted under Rule

12(b)(6). In Twombly, the Supreme Court held that to withstand a motion to dismiss, a

complaint need not contain "heightened fact pleading of specifics," 550 U.S. at 570, or

"detailed factual allegations," id. at 555 (citations omitted), but that it must contain "enough

facts to state a claim to relief that is plausible on its face." Id. at 570.

The United States Court of Appeals for the Tenth Circuit has stated that Twombly

imposes a "burden . . . on the plaintiff to frame a 'complaint with enough factual matter

(taken as true) to suggest' that ... she is entitled to relief." Robbins v. Oklahoma, 519 F.3d

1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 556). Accordingly, "[t]he

allegations [in the first amended complaint] must be enough that, if assumed to be true,

[Khavé] ... plausibly (not just speculatively) has a claim for relief [against the defendants]."

Id. (footnote omitted).

The Court's task at this stage is to determine whether "there are well-pleaded factual

allegations," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009),[1] in the challenged pleading, and

if so, the "[C]ourt should assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief." Id.

> A claim has facial plausibility when the plaintiff pleads factual content
> that allows the [C]ourt to draw the reasonable inference that the defendant
> is liable for the misconduct alleged. The plausibility standard is not akin to
> a "probability requirement," but it asks for more than a sheer possibility that
> a defendant has acted unlawfully. Where a complaint pleads facts that are
> "merely consistent with" a defendant's liability, it "stops short of the line
> between possibility and plausibility of 'entitlement to relief.'"

Id. at 678 (citations omitted).

A complaint "'must contain either direct or inferential allegations respecting all the

material elements necessary to sustain a recovery under some viable legal theory.'"

Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008)(quotation and further citation

omitted). While "[t]he nature and specificity of the allegations required to state a plausible

---

[1]Although the defendants have cited Rule 12(b)(6) in their motion, they have erroneously
argued that dismissal is warranted because Khavé "has not shown any evidence," Doc. 22 at 4,
and they have mistakenly urged the Court to "conduct an examination of the evidence to determine
whether a racially discriminatory purpose was a motivating factor." Id. at 6 (footnote omitted).

As the Court explained in its earlier Order, see Doc. 16 at 1 n.1, "'[t]he [C]ourt's function on
a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but
to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief
may be granted.'" Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993)(quotation omitted)
(emphasis deleted).

claim will vary based on context," Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011)(citations omitted), neither "'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, . . . suffice." Id. (citation omitted). "[T]he Twombly/Iqbal standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face," Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012), and "it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Iqbal, 556 U.S. at 678 (citation omitted).

In making its determination, the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(citations omitted). However, the Court need not "assume the role of advocate for the pro se litigant," id., or "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. Even in those situations that involve pro se pleadings, "conclusory allegations without supporting factual averments are insufficient to state a claim," id. (citations omitted), under Rule 12(b)(6).

In her first amended complaint, Khavé, an African-American disabled veteran, who at the time the events occurred giving rise to this lawsuit, was 52 years old, has alleged that she was discriminated against during a job interview on March 28, 2012. She has complained that ODH denied her the position of Administrative Assistant II in the Emergency Medical Services ("EMS") Division, even though she was well qualified. Khavé

has further alleged that ODH instead hired a young, non-veteran Caucasian individual, who has less medical education and experience. See Doc. 17 at 2.

In her amended pleading, Khavé has stated

(1) that she has a Bachelor of Science degree in Healthcare Administration and had been employed with ODH from 2009 to 2010 as an Administrative Assistant II in the Vital Statistics Division; and

(2) that when she left in April 2010, she had "a good appraisal record." Id.

Khavé has further asserted

(1) that she passed the merit exams[2] for the position of Administrative Assistant II in the EMS Division, see Doc. 17 at 2, and that her name was put on a list of eligible candidates, from which applicants were selected for interviews;

(2) that immediately prior to the commencement of her interview, she was given forms that inquired about her age and race; and

(3) that she was thereafter interviewed by three Caucasian individuals, one of whom was defendant Waters, and asked standardized questions.

In an email dated April 2, 2012, and authored by defendant Munguia, who is identified in the record as an ODH Human Resources management specialist, see Doc. 1-1 at 4, Khavé was advised: "Although you have an impressive background, we will be pursuing candidates whose qualifications are a closer fit for the position." Doc. 17 at 3.

---

[2]The Human Capital Management division of the Office of Management and Enterprise Services, formerly known as the Office of Personnel Management, see 74 O.S. § 840-1.6A, administers the Merit System of Personnel Administration. Agencies, positions and employees that are subject to the Merit System are classified, and the procedures for the selection of personnel to Merit System positions, the conditions of employment and the procedures for removal are governed by the Merit System of Personnel Administration Rules.

4

Upon inquiry as to the meaning of Munguia's phrase "closer fit," see id., Khavé was told by Munguia in an email dated April 4, 2012, that Khavé "didn't score high enough on the interview base[d] on [her] . . responses to be moved to the second round of interviews." Id.

Khavé has alleged that ODH had "the position reposted," id. at 1, "until [ODH] . . . found what [it] . . . deemed as someone with 'qualifications closer fit,' which was a Caucasian or white individual," id. at 2, "who had less . . . medical education,[3] less medical experiences, and was a non-veteran and younger in age." Id. Khavé has alleged that the EMS Division had "its own secret test scoring method to eliminate individuals," id. at 3, and that "EMS [Division] testing is bias[ed]," id., and "use[d] . . . . as a tool for racism." Id.

Khavé has sought relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq.,the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553, title 42, sections 1981 and 1983[4] of the United States Code and state law. In the instant motion, the individual defendants have challenged Khavé's section 1981 and section 1983 claims, wherein she has complained about race discrimination and

---

[3]Khavé has alleged that the individual ODH hired has no "academic knowledge other than perhaps a high school diploma," Doc. 17 at 4, and that the individual arguably possesses "[n]o higher academic training certificates or college transcripts . . . ." Id.

[4]While arguably "a right created solely under Title VII cannot serve as the basis for an independent remedy under [s]ection 1983, lest Congress' prescribed remedies under Title VII be undermined," Starrett v. Wadley, 876 F.2d 808, 813 (10th Cir. 1989)(citations omitted), such rule is not applicable if the plaintiff's section 1983 claim is predicated upon a violation of a constitutional right, such as a violation of the equal protection clause of the fourteenth amendment to the United States Constitution grounded on class-based discrimination.

the denial of her right to equal protection guaranteed by the fourteenth amendment to the United States Constitution, and her claim under state law grounded on her status as a veteran.

In examining the sufficiency of Khavé's allegations against the individual defendants, the Court, as stated, has employed the standards set out in Twombly and Iqbal to determine whether Khavé has "nudged [her] . . . claims across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 570. The Court has also considered the fair notice requirement of Rule 8(a)(2), F.R.Civ.P.; in this connection, it is important "that the [first amended] complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against . . . her, as distinguished from collective allegations against the [defendants as a group]." Robbins, 519 F.3d at 1250 (citation omitted)(emphasis in original). That is to say, Rule 8(a)(2)'s adequate and fair notice requirement imposes on Khavé a duty "to isolate the allegedly [discriminatory] . . . acts of each defendant[.]" Robbins, 519 F.3d at 1250. Otherwise, the defendants have no way of knowing "how they might be individually liable," id., for the alleged discriminatory conduct.

In determining whether Khavé has alleged sufficient facts to support her claim of race discrimination under section 1981[5] and her claim under section 1983[6] for class-based

---

[5]Section 1981(a) guarantees that "[a]ll persons . . . shall have the same right . . . to make . . . contracts . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a).

[6]Section 1983 imposes liability for conduct carried out under the color of state law which deprives a plaintiff of "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. To prevail on a claim for damages under this section, a plaintiff must establish that a defendant acted under color of state law and subjected, or caused to be subjected, the plaintiff to the deprivation of a constitutional or statutory right. "In the public employment context, the [United States] Supreme Court has noted 'state employment is generally

6

discrimination and deprivation of equal protection, the Court is mindful that Rule 12(b)(6) "does not require that . . . [Khavé] establish a prima facie case in her [first amended] complaint . . . ." Khalik, 671 F.3d at 1192. However, because the essential "elements of each alleged cause of action help to determine whether [Khavé] . . . has set forth a plausible claim," id. (citation omitted), against a defendant, the Court has considered what elements Khavé must ultimately establish.

"'In racial discrimination suits, the elements of a plaintiff's case are the same whether that case is brought under [section]1981 or [section] 1983 . . . .'" Carney v. City and County of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008)(quoting Baca v. Sklar, 398 F.3d 1210, 1218 n.3 (10th Cir. 2005)). Khavé must show (1) that she was a member of a protected class, (2) that she suffered an adverse employment action and (3) that her nonselection occurred "under circumstances giving rise to an inference of discrimination." Salguero v. City of Clovis, 366 F.3d 1168, 1175 (10th Cir. 2004)(citation omitted).

Khavé must show that the defendant then under consideration not only "'intentionally discriminated against . . . her on the basis of race,'" Juarez v. ACS Government Solutions Group, Inc., 314 F.3d 1243, 1245 (10th Cir. 2003)(quotation omitted),[7] but also was personally involved in the discrimination. E.g., Allen v. Denver

---

sufficient to render the defendant a state actor.'" Jojola v. Chavez, 55 F.3d 488, 493 (10th Cir. 1995)(quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 n.18 (1982)).

[7]Sections 1981 and 1983 neither "'make unexplained differences in treatment per se illegal nor . . . make inconsistent or irrational employment practices illegal. [Rather, these sections] . . . prohibit[ ] only intentional discrimination based upon an employee's protected class characteristics." Salguero, 366 F.3d at 1178 (quoting Equal Employment Opportunity Commission v. Flasher, 986 F.2d 1312, 1319 (10th Cir. 1992))(emphasis deleted).

Public School Board, 928 F.2d 978, 983 (10th Cir. 1991), overruled on other grounds, Kendrick v. Penske Transportation Services, Inc., 220 F.3d 1220 (10th Cir. 2000).  An individual defendant is personally involved only if there is "some affirmative link to causally connect the [defendant] . . . with the discrimination action.  Id. (citation omitted).

As to defendant Munguia, Khavé has alleged that she is liable because "she allowed or participated in the reposting of the position," Doc. 17 at 3, for which Khavé had interviewed, "until a white employee was selected," id., and that because she caused or "allowed the reposting looking for someone 'better fit,' which [was] . . . a Caucasian individual with less education, less medical experience, and non-veteran status." Id.

As to defendant Cantrell, ODH's deputy general counsel, Khavé has asserted that "Cantrell being the Legal Counselor, failed to protect [her employment rights] . . . under . . . [s]ection[s] 1981 and 1983 . . . ," id., because Cantrell "failed to properly investigate the issue internally, and to deal with a Civil Rights Title VII violation in a fair and non-discriminatory and professional hiring process." Id.

Khavé has alleged that the remaining individual defendant, Waters, who, as stated, was one of the three interviewers, violated sections 1981 and 1983 when she denied Khavé "a job position [for which Khavé'] . . . was well qualified, because of [Khavé's] . . . race . . . , and reposted the position, without notifying . . . [Khavé]." Id.

To prevail on her federal law claims, Khavé must set forth sufficient factual allegations that suggest or give rise to the inference that each defendant acted with discriminatory intent, and in this connection, a pleading is not sufficient "if it tenders 'naked assertion[s]' devoid of factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

8

Liberally construing Khavé's allegations as the Court is required to do and drawing all reasonable inferences therefrom in her favor, the Court finds that Khavé has shown "more than a sheer possibility that . . . [Waters and Munguia] ha[ve] acted unlawfully," id. (citation omitted), in connection with Khavé's nonselection. Khavé has averred that she is an African-American and that despite being qualified as an Administrative Assistant II as evidenced by her prior employment with ODH, Waters and Munguia, based upon unexplained subjective criteria, decided to repost the position for which Khavé had interviewed and seek additional applicants. Khavé has further contended that they continued to seek and interview applicants until they hired a Caucasian individual who was less academically qualified and who had less medical experience. Assuming the veracity of these well-pleaded factual allegations, which give Waters and Munguia fair notice of the basis of Khavé's race discrimination claim and her claim that she was denied equal protection, the Court finds such allegations plausibly[8] suggest disparate treatment by these two individuals based upon race and thus, give rise to an entitlement to relief. E.g., Iqbal, 556 U.S. at 678 (claim has facial plausibility when plaintiff pleads factual content that allows court to draw reasonable inference that defendant is liable for the misconduct alleged). Khavé has sufficiently set forth factual circumstances from which discriminatory motives on the part of, and purposeful discrimination by, Waters and Munguia may be

---

[8]In requiring "plausible grounds" in a complaint, the United States Supreme Court is "not impos[ing] a probability requirement at the pleading stage[.]" Twombly, 550 U.S. at 556. Rather, the standard articulated by the Supreme Court "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the elements of a plaintiff's cause of action] . . . ." Id. (footnote omitted). As the Supreme Court has noted, "a well-pleaded complaint may proceed even if . . . actual proof of those facts is improbable, and '. . . recovery . . . [may be] remote and unlikely.'" Id. (citation omitted).

inferred; accordingly, Khavé's allegations that she was the victim of race discrimination and

was deprived of her right to equal protection "raise a right to relief above the speculative

level," Twombly, 550 U.S. at 555 (citation omitted), and survive these defendants' request

for dismissal.

The Court's findings as to Waters and Munguia are in accord with Swierkiewicz v.

Sorema N.A., 534 U.S. 506 (2002), wherein the United States Supreme Court "held that

'a complaint in an employment discrimination lawsuit [need] not contain specific facts

establishing a prima facie case of discrimination . . . .'" Twombly, 550 U.S. at 569 (quoting

Swierkiewicz, 534 U.S. at 508).[9] Khavé is not required to "allege 'specific facts' beyond

---

[9]In analyzing Khavé's claims of employment discrimination under sections 1981 and 1983, which are grounded solely on circumstantial evidence, the Court has considered the three-part framework developed by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), e.g., Salguero v. City of Clovis, 366 F.3d 1168, 1175 (10th Cir. 2004), to "help . . . determine whether [Khavé] . . . has set forth a plausible claim." Khalik, 671 F.3d at 1192 (citations omitted). "McDonnell Douglas and subsequent decisions have 'established an allocation of the burden of production and an order for the presentation of proof in . . . discriminatory-treatment cases.'" Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142 (2000) (quoting St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993)).

Under this framework, Khavé must first establish a prima facie case of discrimination by showing (1) that she belongs to a protected class; (2) that she applied and was qualified for the position for which she interviewed; (3) that despite being qualified, she was not selected; and (4) that a person less qualified and/or not in a protected class was hired. E.g., Reeves, 530 U.S. at 142. Khavé has met her burden of production as to Waters and Munguia, and these defendants must therefore articulate a legitimate, nondiscriminatory reason for Khavé's nonselection. E.g., Salguero, 355 F.3d at 1175. Waters and Munguia have contended that "an internal applicant," Doc. 22 at 7, was hired and that the decision to do so was in accord with "the intent of the [Oklahoma] Legislature that . . . preference [be given] to . . . a promote-from-within policy when the merit, ability and capability of incumbent employee applicants is relatively equal to that of outside applicants . . . ." 74 O.S. § 840-4.16(1). Assuming the defendants have proffered a legitimate, nondiscriminatory reason for the adverse employment decision and thus, met their burden of persuasion, Khavé must then establish that the proffered reason was a pretext for discrimination. E.g., Salguero, 366 F.3d at 1175.

However, because Khavé's allegations against Waters and Munguia suffice under Twombly and Iqbal and because, as stated, Rule 12(b)(6) "does not require that [a] [p]laintiff establish a prima facie case in her complaint[,]" Khalik, 671 F.3d at 1192, the Court has not further considered the McDonnell Douglas framework in connection with Khavé's claims against Waters and Munguia.

10

those necessary to state . . . [her] claim and the grounds showing entitlement to relief. Id. at 570 (citing Swierkiewicz, 534 U.S. at 508)(emphasis added). She is only required to plead "enough facts to state a claim to relief that is plausible on its face[,]" id., and the Court finds Khavé has "nudged . . . [her] claim[ that these defendants' decision to hire a Caucasian, who is less qualified academically and who possesses less medical experience, was motivated by consideration of Khavé's race] across the line from conceivable to plausible . . . ." Id.

The Court has also considered the sufficiency of Khavé's allegations against defendant Cantrell. Again, it is not necessary for Khavé to plead facts supporting each element of her claims for relief, provided that whatever facts she has pled allow the Court to plausibly infer liability. In reviewing the allegations against Cantrell in the first amended complaint, the Court finds that Khavé has not made the necessary showing.

Khavé's allegations that Cantrell, after the fact, failed to protect her by failing to investigate are insufficient to permit the Court to draw the reasonable inference that Cantrell either intentionally discriminated against Khavé because of her race or was personally involved in Khavé's nonselection for the position of Administrative Assistant II. Moreover, conclusory allegations, if any, that Cantrell might have had knowledge of Khavé's nonselection and ODH's selection of an allegedly less qualified, less experienced applicant likewise do not suffice absent Cantrell's personal involvement in the discrimination itself. Accordingly, the Court finds that Cantrell is entitled to dismissal of Khavé's claims seeking relief under sections 1981 and 1983.

As stated, Khavé has also sought relief under state law. She has alleged that she is "an Absolute 10-pt. Honorably discharged veteran," Doc. 17 at 1, having served thirteen

(13) years as a United States Air Force medical technician, see Doc. 14 at 2, ¶ 5, and that ODH and the three individual defendants ignored certain state merit rules when it denied her employment. The Human Capital Management division of the Office of Management and Enterprise Services, formerly known as the Office of Personnel Management, see 74 O.S. § 840-1.6A, administers the Merit System of Personnel Administration in accordance with, among other things, the Merit System of Personnel Administration Rules. In particular, Title 530, Chapter 10, Subchapter 9, Part 13, pertains to, and governs, the selection for employment of eligible persons for competitive appointment and commands that "certain preferences be allowed for veterans honorably discharged from the Armed Forces of the United States." 530:10-9-130.[10]

---

[10]The applicable rules provide:

> In establishing employment lists of eligible persons for competitive . . . appointment, certain preferences shall be allowed for veterans honorably discharged from the Armed Forces of the United States . . . .
>
>> (1) Five points shall be added to the final grade of any person who has passed the examination and has submitted proof of having status as a[ ] . . . veteran . . . .
>> (2) Ten points shall be added to the final grade of any veteran who has passed the examination and has submitted proof of having a service-connected disability as certified by the Veterans Administration or Agency of the Defense Department within six (6) months of date of application . . . .
>> (3) In addition to the 10 points preference provided in (2) of this subsection, such eligible veterans who are in receipt of benefits payable at the rate of 30% or more because of the service-connected disability, shall be considered Absolute Preference Veterans. Their names shall be placed at the top of the register, ranked in order of their examination scores. Absolute Preference Veterans shall not be denied employment and passed over for others without showing cause. . . .

530:10-9-130 (emphasis deleted).
    These rules further provide:

> (a) An Appointing Authority who finds it necessary to pass over an Absolute

Khavé has although these rules forbid ODH and its employees from denying an

"Absolute Veteran," see 530:10-9-130(3), a position for which that individual interviewed

unless written approval is obtained, see 530:10-9-131(a), the defendants "ignored this rule

and denied [her] . . . employment without cause." Doc. 17 at 2. The defendants have

responded that "[w]hile veteran hiring is preferred, nowhere is it guaranteed." Doc. 22 at

6.

The defendants have further asserted that "an internal applicant," Doc. 22 at 7, was

hired and that the selection of this individual was in accord with "the intent of the

[Oklahoma] Legislature that . . . preference [be given] to . . . a promote-from-within policy

when the merit, ability and capability of incumbent employee applicants is relatively equal

to that of outside applicants . . . ." 74 O.S. § 840-4.16(1).

---

Preference Veteran for cause must receive written approval from the Administrator
before taking such action. Any Appointing Authority who, without prior approval,
passes an Absolute Preference Veteran for cause on any certificate returned to the
Office of Personnel shall be required to hire the preferenced applicant, if such pass
for cause is subsequently rejected by the Administrator. No offer of initial
employment may be made to any applicant ranked below such veterans in the
absence of this approval; such offers and any subsequent initial appointments shall
be void. . . .

(b) Nothing in this Section prohibits or limits passing an Absolute Preference
Veteran to hire another Absolute Preference Veteran within the hiring rule, or hiring
any other eligible through means other than an initial appointment.

(c) A request to pass over or disqualify an Absolute Preference Veteran shall
include a detailed written explanation and justification provided by the Appointing
Authority documenting why the Appointing Authority believes:

    (1) the applicant cannot be reasonably expected to satisfactorily
    perform at the required level of the position . . . ; or
    (2) it is necessary to disqualify the applicant because of 1 or more
    of the causes for disqualification listed in 530:10-9-9 . . . .

. . . .

530:10-9-131 (emphasis deleted).

13

Issues regarding the defendants' decision to hire "an internal applicant" and the qualifications of this applicant present questions of fact that cannot be determined under Rule 12(b)(6). Accordingly, the defendants are not entitled to dismissal of this claim for relief at this stage of the proceedings.[11]

Based upon the foregoing, the Court

(1) GRANTS the defendants' Second Motion to Dismiss Plaintiff's Complaint [Doc. 22] filed on May 22, 2013, but only to the extent that Khavé's section 1981 and section 1983 claims against Cantrell are DISMISSED;[12]

(2) DENIES said motion in all other respects;

(3) DIRECTS all defendants to answer within fourteen (14) days the remaining claims in Khavé's first amended complaint; and

(4) DIRECTS the Clerk of the Court to mail or electronically transmit a copy of this Order to each pro se and represented party in this matter and to show proof of the same on the docket.

ENTERED this *17th* day of June, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[11]In their Motion to Dismiss, the individual defendants did not address whether a rule violation is actionable in this Court either as a claim over which this Court has original jurisdiction or as a claim over which this Court has supplemental jurisdiction or whether "a federal civil rights lawsuit is . . . the proper forum to pursue violations of [these] . . . rules." Bowman v. Anderson, 166 F.3d 346 *4 n.1 (10th Cir. 1998)(cited pursuant to Tenth Cir. R. 32.1). Accordingly, the Court has not considered these issues or whether ODH, as opposed to the individual defendants, is the appropriate defendant in connection with this claim for relief. The Court finds only that at this stage of the proceeding, Khavé may pursue her claim under state law.

[12]Because Khavé has had the opportunity to amend her allegations as to defendant Cantrell, see Doc. 16, the Court finds that dismissal should be and is hereby with prejudice.